UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| LAURI VALJAKKA,<br><br>    Plaintiff,<br>v.<br><br>AMAZON.COM, INC., and<br>AMAZON WEB SERVICES, INC.,<br><br>    Defendants. | Case No. 6:21-cv-00945-ADA<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S THIRD AMENED COMPLAINT

Lauri Valjakka ("Valjakka") files this Response in opposition to Amazon.com, Inc's and Amazon Web Services, Inc.'s (collectively, "Defendants" or "Amazon") Motion to Strike, ECF No. 37 ("Amazon's Motion") asking the Court to deny the Motion because Valjakka is allowed to amend its pleadings without a motion seeking leave pursuant to the Court's Standing Order in this case.[1]  Alternatively, Valjakka asks the Court for leave to file Third Amended Complaint.

---

[1] Doc. No. 11 at 10 (prior to 16 weeks after *Markman* hearing, "[a] motion is not required [to amend pleadings] unless the amendment adds patents or patent claims.")

I.     **ARGUMENT**

Amazon moves the Court to strike Third Amended Complaint[2] for a purported failure to obtain requisite leave to amend.[3] Amazon's argument is based entirely on the Federal Rules stating that after the initial amendment as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, Amazon ignores this Court's express guidance in its Standing Order Governing Proceedings – Patent Cases.[4] The Standing Order states that prior to 16 weeks following the *Markman* hearing, "[a] motion is not required [to amend pleadings] unless the amendment adds patents or patent claims."[5] The Standing Order is consistent with and supplements Federal Rule 15 (a)(2) by providing automatic leave to amend without the need to file motion for leave under the proscribed set of circumstances.

Amazon admits in its Motion that neither the Second Amended Complaint nor the Third Amended Complaint add new patents or patent claims. Indeed, the amendments made to remove, not to add, claims.[6] The *Markman* hearing has not yet occurred. Thus, it was entirely proper for Valjakka to file the Second and the Third Amended Complaints without seeking leave. The Oklahoma district court case Amazon relies on is of no avail, because it does not address this Court's practice and Standing Order in connection with amending the pleadings.

In the alternative, if the Court concludes that Valjakka's understanding of the Standing Order is incorrect, Valjakka respectfully moves the Court for leave to file the Third Amended Complaint pursuant to Federal Rule 15(a)(2).

---

[2] Doc. No. 34.
[3] Motion at 2.
[4] Doc. No. 11.
[5] Id. at 10
[6] The Third Amended Complaint seeks to remove the claims for indirect and willful infringement based on pre-suit knowledge and pre-suit damages.

## II. CONCLUSION

For the foregoing reasons, Valjakka respectfully requests that the Court deny Amazon's Motion to strike the Third Amended Complaint. In the alternative, Valjakka asks the Court for leave to file the Third Amended Complaint.

Respectfully Submitted,

**Ramey LLP**
*/s/ William P. Ramey*
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for Lauri Valjakka***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of April 1, 2022, with a copy of the foregoing via ECF.

*/s/ William P. Ramey*
William P. Ramey, III